# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES SECURITIES AND**
**EXCHANGE COMMISSION,**

                Plaintiff,

                **Case No. 10-C-747**

    -vs-

**SUJATA SACHDEVA and**
**JULIE MULVANEY,**

                Defendant.

# DECISION AND ORDER

This complaint, brought by the United States Securities and Exchange Commission, alleges that Julie Mulvaney aided and abetted Sujata Sachdeva in an accounting fraud designed to conceal the fact that Sachdeva had embezzled over $30 million from Koss Corporation. Sachdeva pled guilty to six counts of wire fraud and was sentenced to 11 years imprisonment by Judge Adelman. *United States v. Sachdeva*, 10-CR-6 (E.D. Wis.) Sachdeva also consented to the entry of judgment against her in the instant civil matter.

The SEC moves to strike the affirmative defense raised by Julie Mulvaney. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, although they may be granted if they remove unnecessary clutter from the case and serve to expedite, not delay. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The standard

for deciding a motion to strike an affirmative defense as "insufficient" is the same as for a motion to dismiss a complaint for failure to state a claim. *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000). Thus, the affirmative defense should be stricken unless it contains sufficient factual matter, accepted as true, to state an affirmative defense to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord On Command Video Corp. v. Roti*, No. 09 C 3130, 2010 WL 1752350, at *4 (N.D. Ill. April 30, 2010) (applying *Twombly* and *Iqbal* to motion to strike affirmative defense).

Mulvaney's affirmative defense alleges that the SEC's commencement of this civil enforcement action violates the separation of powers principle that the President shall "take care that the Laws be faithfully executed." U.S. Const., Article II, Section 3. This is not a novel argument as applied to the SEC, and it has been consistently rejected, most notably by the Tenth Circuit. *S.E.C. v. Blinder, Robinson & Co., Inc.*, 855 F.2d 677, 681-81 (10th Cir. 1988). The Tenth Circuit's reasoning in *Blinder* rested upon landmark cases of constitutional law, *Humphrey's Executor v. United States*, 295 U.S. 602 (1935) and *Morrison v. Olson*, 487 U.S. 654 (1988). "We note that *Morrison* is predicated in part upon *Humphrey*, which stands generally for the proposition that Congress can, without violating Article II, authorize an independent agency to bring civil law enforcement actions where the President's removal power was restricted to inefficiency, neglect of duty, or malfeasance in office." *Blinder* at 682. *See also S.E.C. v. Blizerian*, 750 F. Supp. 14, 16-17 (D.D.C. 1990).

Accordingly, it is well-established that an SEC civil enforcement action does not violate the separation of powers doctrine embedded in the constitution. However, Mulvaney argues that a recent Supreme Court decision changed the landscape. In *Free Enter. Fund v. Public Co. Accounting Oversight Board*, 130 S.Ct. 3138 (2010), the Court held that the Sarbanes-Oxley Act's creation of the Public Company Accounting Oversight Board was unconstitutional. The Act placed the Board under the oversight of the SEC Commissioners, with Board members subject to removal by the Commissioners for "good cause shown." In turn, as discussed above, the SEC Commissioners can only be removed by the President pursuant to the *Humphrey's Executor* standard of "inefficiency, neglect of duty, or malfeasance in office." *Free Enter.* at 3148 (citing *Humphrey's Executor* at 620). It is this additional layer of tenure protection that the Court found objectionable. The Act "not only protects Board members from removal except for good cause, but withdraws from the President any decision on whether that good cause exists. That decision is vested instead in other tenured officers – the Commissioners – none of whom is subject to the President's direct control. The result is a Board that is not accountable to the President, and a President who is not responsible for the Board." *Id.* at 3153. Such an arrangement is "contrary to Article II's vesting of executive power in the President." *Id.* at 3154.

The Court must strain to understand how *Free Enterprise* makes the separation of powers argument a plausible affirmative defense in this case. The Supreme Court expressly stated that it was not asked to reexamine *Humphrey's Executor* or *Morrison*, among other cases. *Id.* at 3146. From this, Mulvaney extrapolates that these cases are subject to

-3-

reconsideration in the future. That may be so, but until the Supreme Court actually goes down that path, this Court must follow *Humphrey's Executor* and *Morrison*. "It bears repeating that in accordance with well-established judicial principles, lower courts are bound to follow, whether personally persuaded by, the decisions of higher courts. Our duty is to decide cases based upon applicable Supreme Court precedent, not to engage in a legal critique of that precedent. The duty of the district courts is equally clear." *Harris v. McDonald*, 737 F.2d 662, 666 (7th Cir. 1984). The record is made in the event Mulvaney wishes to eventually pursue her arguments before the Supreme Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the SEC's motion to strike Mulvaney's affirmative defense [D. 11] is **GRANTED**.

Dated at Milwaukee, Wisconsin this 16th day of March, 2011.

**BY THE COURT**:

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**