# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**

        Plaintiff,

  -vs-

**Case No. 10-C-747**

**JULIE MULVANEY,**

        Defendant.

## DECISION AND ORDER

In September, the Court issued an order directing the SEC and Julie Mulvaney to address the factual basis for the proposed consent decree. In particular, the Court asked the parties to address whether the proposed judgment is "fair, reasonable, adequate, and in the public interest." *United States Sec. & Exch. Comm'n v. Citigroup Global Mkts., Inc.*, 827 F. Supp. 2d 328, 330 (S.D.N.Y. 2011). After reviewing the submissions of the parties, the Court finds that this standard is easily met by the proposed settlement.

Mulvaney is accused of aiding and abetting Sujata Sachdeva in embezzling over $30 million from Koss Corporation. The proposed consent decree would (1) permanently restrain and enjoin Mulvaney from violating Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 and Rules 10b-5 and 13b2-1 thereunder, and from aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1,

13a-11 and 13a-13 thereunder; (2) order her to pay disgorgement of $22,600, plus prejudgment interest of $5,000; and (3) order her to pay a $40,000 civil penalty.

The SEC complaint alleges that Mulvaney helped Sachdeva hide her theft by making false accounting entries in Koss's books and records and by maintaining two sets of files comprised exclusively of the fraudulent accounting. The SEC believes in the strength of its case against Mulvaney, but Mulvaney asserts that she made these entries at the "express direction of Ms. Sachdeva," who she describes as her "powerful, imperious, determined, willful superior, to whom she was subordinate, and with whom she had a personal relationship which Ms. Mulvaney perceived to be a friendship." Mulvaney also claims that Sachdeva assured her that all of the entries were "appropriate and legitimate" and that she did not know Sachdeva was engaged in a massive theft from the company. Given that Mulvaney's intent would be a disputed issue at trial, the proposed settlement is in the public interest because it reflects a reasonable balance between the risks and rewards settling this case or proceeding to trial. "The numerous factors that affect a litigant's decision whether to compromise a case or litigate it to the end include the value of the particular proposed compromise, the perceived likelihood of obtaining a still better settlement, the prospects of coming out better, or worse, after a full trial, and the resources that would need to be expended in the attempt." *United States Sec. & Exch. Comm'n v. Citigroup Global Markets, Inc.*, 673 F.3d 158, 164 (2d Cir. 2012). Moreover, the Court endorses the Second Circuit's recent admonition in the *Citigroup* litigation that "[i]t is not . . . the proper function of federal courts to dictate policy to executive administrative agencies." *Id.* at 163 (granting stay

-2-

pending appeal of the district court's rejection of a $285 million settlement with the SEC). The SEC's decision that settlement serves the public interest is entitled to deference.

**IT IS HEREBY ORDERED THAT** the SEC's motion for entry of final judgment as to Julie Mulvaney [ECF No. 37] is **GRANTED**. The Clerk of Court will enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA
U.S. District Judge**